United States District Court
Southern District of Texas
**ENTERED**
June 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HUGO GARNELO, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00315 |
| | § | |
| YELLOWSTONE LANDSCAPE - CENTRAL, | § | |
| INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.   INTRODUCTION

Before the Court is the defendant's joint motion for summary judgment and motion to deny conditional certification. (Doc. 26). The defendant brings the instant joint motion under Fed. R. Civ. P. 56. The Court, being duly advised of the premises, GRANTS said motion.

### II.   FACTUAL BACKGROUND

This action stems from the plaintiffs' employment with the defendant. The defendant's company focuses on landscaping residential properties in Houston, Texas. The plaintiffs were hired as W-2 employees by the defendant to provide lawn care services. The durations of that employment ranged from April 30, 2021, through July 24, 2021,[1] July 2, 2019, through September 15, 2021,[2] and January 4, 2021, through December 22, 2022.[3]

---

[1] The plaintiff Hugo Garnelo.
[2] The plaintiff Oscar Garnelo.
[3] The plaintiff Jay Hensley.

1

In order to maintain proper time keeping practices in adherence with the Fair Labor Standards Act ("FLSA"), the defendant implemented a time keeping system that allegedly insured FLSA compliance. It required employees to call and report their work hours to their managers, resulting in their managers manually entering the employees' work hours. Afterwards, the managers posted into a time keeping system that would generate a payment summary for each employees' weekly pay.

On January 31, 2022, the plaintiffs filed the instant action alleging numerous violations of the FLSA stemming from the defendant's constructive and actual knowledge of improper posting and computing of their work hours that resulted in unpaid overtime. On April 14, 2023, the defendant filed the instant motion for summary judgment and request that the Court deny class certification.

## III.    CONTENTIONS OF THE PARTIES

The defendant contends that summary judgment should be granted because the plaintiffs: (1) misclassify themselves as independent contractors under the FLSA; (2) have no evidence that they worked more than forty hours a week and were not paid overtime; and (3) have no evidence evincing a willfulness on the defendant's part toa void paying overtime. The defendant further contends that the plaintiffs' request for conditional class certification should be denied because the plaintiffs: (1) are not members of the class they seek to represent; and (2) present no evidence concerning any potential plaintiffs.

The plaintiffs oppose arguing they have proven their claim that compensable time was excluded by the defendant and that the defendant's time keeping system was out of compliance with the FLSA. The plaintiffs further asserted that the defendant had actual and constructive knowledge of its FLSA violations.

## IV.    STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the Court of the basis of its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Martinez v. Schlumber, Ltd*., 338 F.3d 407, 411 (5th Cir. 2003). Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).

"If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transport A/S v. International Marine Terminals Partnership*, 520 F.3d 409, 412 (5th Cir. 2008). If the movant meets its burden, the burden shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Stults v. Conoco, Inc*., 76 F.3d 651, 656 (5th Cir. 1996) (*citing Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s].'" *Stults*, 76 F.3d at 656 (*citing Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), cert. denied, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)). It may not satisfy its burden "with some

metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted).  Instead, it "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern*., 343 F.3d 401, 405 (5th Cir. 2003) (*citing Morris v. Covan World Wide Moving*, Inc., 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'" *Wiley v. State Farm Fire and Cas. Co*., 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted). When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]." *Boudreaux v. Swift Transp. Co., Inc*., 402 F.3d 536, 540 (5th Cir. 2005) (*citing Armstrong v. Am. Home Shield Corp*., 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (*citing Little*, 37 F.3d at 1075 (emphasis omitted)). In sum, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous*., 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251–52, (1986)).

## V.    ANALYSIS

### A.  The Plaintiffs' Individual FLSA Claims.

#### a.   The Plaintiffs are W-2 Employees.

To determine an employee status under the FLSA, the courts look to five factors: "the degree of control exercised by the alleged employer; the extent of the relative investments of the worker and alleged employer; the degree to which the worker's opportunity for profit or loss is determined by the alleged employer; the skill and initiative required in performing the job; and[,] the permanency of the relationship." *Herman v. Express Sixty-Minutes Delivery Service, Inc.*, 161 F.3d 299, 303 (5th Cir. 1998). "No single factor is determinative." *Id*.

Here, it is undisputed that the plaintiffs were hired as W-2 employees: this finding is evidenced by the plaintiffs' Exhibit B that specifically outlines the pay stubs of a W-2 worker reflecting the withholding of state and federal taxes. *Buyze v. Holder*, No. 3:07-CV-1191-M, 2009 WL10704337, *4 (N.D. Tex. Aug. 26, 2009) (finding lack of taxes being taken from employees' paycheck as support of the employee's independent contractor status, because employer withholds taxes and wages from salaried employees). Hence, the plaintiffs' opposition fails to rebut the defendants' undisputed fact that the plaintiffs were hired as W-2 employees. *In re Carney*, 258 F.3d 415, 420 (5th Cir. 2001) (as admission based on a failure to respond can result in summary judgment). Therefore, any attempts that the plaintiffs make to classify themselves as an independent contractor under the FLSA, are barred.

#### b.   The Plaintiffs' Failed to Satisfy Their Evidentiary Burden.

"An employee bringing an action for unpaid overtime compensation must first demonstrate by a preponderance of the evidence that: (1) there existed an employer-employee relationship during the unpaid overtime periods claimed; (2) the employee engages in activities within the

5

coverage of the FLSA; (3) the employer violated the FLSA's overtime wage requirements; and; (4) the amount of overtime compensation due." *Johnson v. Heckmann Water Resources(CVR), Inc.*, 758 F.3d 627, 630 (5th Cir. 2014). Further, the plaintiff must show that the defendant had knowledge, actual or constructive, that they were working overtime. *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995). "Where an employer keeps incomplete or inaccurate records, however, 'an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference'"; *Garner v. Chevron Phillips Chemical Co., L.P.*, 834 F. Supp.2d 528, 546 (S.D. Tex. Nov. 29, 2011) (*citing In re Williams*, 298 F.3d 458, 463 (5th Cir. 2002); *see also Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 441 (5th Cir. 2005) ("If the employee fails to notify the employer or deliberately prevents the employer from acquiring knowledge of the overtime work, the employer's failure to pay for overtime hours is not a violation[.]").

The defendant argues that the plaintiffs have not presented a scintilla of evidence in support of their FLSA claims. More specifically, the defendant asserts that the plaintiffs cannot show that they informed the defendant of unpaid overtime, citing authority in support.[4] The plaintiff, in *McDonald* brought an FLSA action based on unpaid overtime. The defendant had implemented a time keeping system that tracked employees' hours and wages. *Id*. at *2. The district court found that the plaintiff failed to provide evidence that raised a genuine issue of material fact against the weight of the defendant's evidence. More specifically, the court found that the plaintiff's evidence of phone records as proof of overtime hours was insufficient to overcome the defendant's summary

---

[4] *McDonald North v. Gen. Plastics and Composites, L.P.*, No. 4:17-cv-02610, 2019 WL 3549895 (S.D. Tex. Aug. 2, 2019).

6

judgment evidence. In *Harvill*, a case similar to that of the plaintiffs, the plaintiff asserted that her managers required her to improperly log her time and knew their employees were working unpaid overtime. *Id*. The court found that the plaintiff failed to present evidence to substantiate her claims. Further, the court found that the plaintiff failed to present evidence substantiating the number of hours worked without compensation, and that the defendant had actual or constructive knowledge that hours were, in fact, worked without compensation. *Id*.

Here, the Court finds that the plaintiffs have failed to present evidence that survives summary judgment scrutiny. Upon review of the evidence, the Court finds that the plaintiffs' assertion that the defendants' time keeping system violated the FLSA unsupported by their evidence. Although, the plaintiffs set forth time records for the hours worked and paid, but failed to specifically detail what work was done, how it related to the plaintiffs' job titles, and how it violated the FLSA. *See Garner*, 834 F. Supp.2d at 546.

Similar to *Harvill*, the plaintiffs allege that they complained about the alleged FLSA violations to the defendant but failed to provide evidence in support of those allegations. *Boudreaux v. Swift Trasnp. Co*., 402 F.3d 536, 540 (5th Cir. 2005). Consequently, the defendant's motion for summary judgment on the plaintiffs' FLSA claims is granted.

Assuming arguendo, that the plaintiffs have provided sufficient evidence, their arguments still fail because it is unclear what "off the clock" work was performed. For example, drive time between work sites is not compensable in this case. *Griffin v. S&B Engineers & Constructors, Ltd*., 507 Fed. Appx. 377, 382 (collecting cases). Further, in response to the plaintiffs' willfulness inquiry, the Court declines to take up the issue, based on its findings that no genuine issues of material fact exist on the plaintiffs' FLSA claims. Also, given the Court's findings, the Court will not reach the conditional class certification inquiry.

7

## VI.     CONCLUSION

Based on the foregoing analysis the Court finds no genuine issue of material fact exist in the instant Action. Accordingly, the defendant's motion for summary judgment is GRANTED.

It is so ORDERED.

SIGNED on June 15, 2023, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge